

**ORDERED in the Southern District of Florida on April 15, 2026.**

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:                                                              CASE NO.  25-22173-BKC-LMI
                                                                    PROCEEDING UNDER CHAPTER 13

ROBERT ANTHONY ARTHUR,
DEBTORS/

_____

### ORDER REINSTATING CHAPTER 13 CASE

This matter came to be heard on April 14, 2026, on the debtors' motion to reinstate case.  The court, if applicable, has entered an order reopening the case and the debtors have paid all required reopening fees.  Based on the record, it is **Ordered as follows:**

1. The motion is granted and this case is **REINSTATED**.  Pursuant to 11 U.S.C. §362(c)(2)(B), the automatic stay terminated on the date this case was dismissed and was not in effect from that date until the entry of this order.

2. The Trustee's Final Report, if any filed, is deemed withdrawn and the Order Discharging Trustee, if entered, is deemed vacated.

3.  If not previously filed, any and all documents required to be filed by the debtor(s) under 11 U.S.C. §521(a)(1) Bankruptcy Rule 1007, and Local Rule 1007-1 shall be filed no later than 14 days after entry of this order.

4.  The following checked provision(s) also apply:

[ ] This case was dismissed prior to the conclusion of the meeting of creditors, under 11 U.S. C. §341.  A new §341 meeting of creditors and confirmation hearing shall be set and noticed to all parties of record by the Clerk of Court.  The notice shall also establish a new deadline to file a proof of claim and deadline to file a motion objecting to discharge under §1328(f) or to file a complaint objecting to dischargeability of certain debts.

[ ] This case was dismissed after the §341 meeting of creditors was concluded but prior to or at the hearing on confirmation. A new confirmation hearing is scheduled for by VIDEO CONFERENCE. You must register in advance no later than 3:00 PM, one business day before the hearing. To register, click on or enter the following registration link in a browser:
 https://www.zoomgov.com/meeting/register/vJItduiqqz4iGPWRbYC6YTes9xqj5mxBNU4. The deadline to file a motion objecting to discharge under §1328(f) or to file a complaint objecting to dischargeability of certain debts, is. The deadline for filing claims (except for governmental units) is. Previously filed claims need not be refiled.

[**X**] This case was dismissed after the §341 meeting of creditors was conducted and after the expiration of the deadline to file a motion objecting to discharge under §1328(f) or to file a complaint objecting to dischargeability of certain debts and the original deadline to file claims, but prior to or at the hearing on confirmation.  No new deadlines shall be reset. A new confirmation hearing is scheduled for **May 5, 2026 at 1:35 PM** by VIDEO CONFERENCE. You must register in advance no later than 3:00 PM, one business day before the hearing. To register, click on or enter the following registration link in a browser:
https://www.zoomgov.com/meeting/register/vJItduiqqz4iGPWRbYC6YTes9xqj5mxBNU4

[ ] This case was dismissed after the §341 meeting of creditors and confirmation hearing and expiration of the deadline to file a motion objecting to discharge under §1328(f) or to file a complaint objecting to dischargeability of certain debts and the original claims bar date.  No new §341 meeting, confirmation hearing, or deadlines shall be set, and the case shall proceed in the normal course under the confirmed plan.

[**X**]   If this box is checked, the following provision applies:

As a condition of reinstatement of this case and in order to provide protection of creditors' vested interests, in the event of conversion to another chapter or dismissal of this reinstated case prior to confirmation, all plan payments held by the Chapter 13 Trustee shall be non-refundable and held in trust for the secured creditors as adequate protection, and in trust for priority and administrative creditors.  If this case is dismissed or converted, the Trustee shall disburse all funds which were received prior to the order of conversion or dismissal and held in trust. The disbursement shall be on a pro rata basis, less Trustee fees, to the secured, priority or administrative creditors pursuant to the proposed Chapter 13 Plan which was filed at least one day prior to the last confirmation hearing date. (see Local Rule 1017-2(F) and Interim Local Rule 1019-1(E), (F), (G), AND (H)).

### 

**Prepared By:**

NANCY K. NEIDICH, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 279806
MIRAMAR, FL  33027-9806


**Copies to:**

All parties of record by the Clerk of Court.